**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| KYLEE MCLAUGHLIN | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No.  CIV-21-0539-HE |
| THE BOARD OF REGENTS OF THE | ) | |
| UNIVERSITY OF OKLAHOMA, a | ) | |
| constitutional state agency, LINDSEY GRAY- | ) | |
| WALTON, in her official and individual | ) | |
| capacities, and KYLE WALTON, in his official | ) | |
| and individual capacities, | ) | |
| | ) | |
| Defendants. | ) | |

---

**SPECIAL APPEARANCE AND MOTION DISMISS**
**DEFENDANTS LINDSEY GRAY-WALTON AND KYLE WALTON PURSUANT**
**TO THE OKLAHOMA CITIZEN PARTICIPANT ACT 12 O.S. 1430 *ET SEO*.**

Michael Burrage, OBA No. 1350
J. Renley Dennis, OBA No. 33160
Austin R. Vance, OBA No. 33294
WHITTEN BURRAGE
512 N. Broadway Ave., Ste 300
Oklahoma City, OK  73102
Telephone: (405) 516-7800
Facsimile: (405) 516-7859
Email: mburrage@whittenburragelaw.com
        jdennis@whittenburragelaw.com
        avance@whittenburragelaw.com
*Attorneys for Defendants, Lindsey-Gray Walton*
*and Kyle Walton*

Defendants Lindsey Gray-Walton ("Coach Walton") and Kyle Walton (collectively, "Defendants") respectfully submit this Motion to Dismiss Pursuant to the Oklahoma Citizens Participation Act (12 O.S. 1430 *et seq*.) and state:

## PROCEDURAL HISTORY

On June 4, 2021, Plaintiff served Defendants in their individual capacities with this lawsuit. In turn, Defendants filed a Motion to Dismiss on June 25, 2021, alleging that Plaintiffs had failed to state claim upon which relief could be granted and that Defendants were entitled to qualified immunity. Pursuant to 12 O.S. 1430 *et seq*., Defendants now assert that they are entitled to dismissal of Plaintiff's second, third, and possibly fourth causes of action as well as attorney fees and costs. More specifically, any causes of action premised on allegations that Defendants as individuals made statements about Plaintiff run afoul the Oklahoma Citizens Participation Act (the "Act" or "OCPA").

## ALLEGATIONS

Defendants incorporate here by reference their summary of Plaintiff's allegations previously provided to the Court. Dkt. 9, *Special Appearance and Motion to Dismiss Defendants Linsey Gray-Walton and Kyle Walton* at 1-5 (June 25, 2021). Further, Defendants do not concede the allegations of the Petition, but instead, will accept the pled allegations as true for the limited purposes of this initial Motion pursuant to the OCPA.

Essentially, Plaintiff has "engaged in litigation primarily for the purpose of silencing" Defendants from criticizing a "public figure" and discussing a "matter of public concern.'" *Fountain View Manor, Inc. v. Sheward*, 2019 OK CIV APP 77, ¶ 12, 455 P.3d 9, 14, reh'g denied (May 21, 2019). Pursuant to OCPA, Defendants are entitled to criticize

public figures or discuss matters of public concern; consequently, the second, third and fourth causes of action in the Amended Complaint must be dismissed.

The Amended Complaint maintains that, in their individual capacities, Defendants' use of speech and expression violated Plaintiff's right to speech and expression. To begin, Plaintiff alleges Coach Walton made social media posts against President Trump, discussed with the volleyball team social justice issues and kneeling or standing for the National Anthem, discussed Plaintiff's need to remove off-campus social media posts, and more. It is important to remember that the "schoolhouse gate" is not a place where constitutional rights are shed. *Tinker v. Des Moines Independent Community School,* 393 U.S. 503, 506 (1969). Here, at the University level, it is understood that in public forums, free speech is respected and protected to the extent it does not interfere with the mission of the University. Defendants, sued in their individual and personal capacities, maintain their right to free expression. Plaintiff's suit is an assault on the free expression of Defendants. This assault is the very reason the OCPA was established in Oklahoma.

## ARGUMENTS AND AUTHORITIES

## I.   THE OKLAHOMA CITIZENS PARTICIPATION ACT APPLIES

In 2014, the Oklahoma legislature enacted the OCPA, Oklahoma's broad anti-SLAPP act.[1] 12 O.S. § 1430, *et seq*. The purpose of the Act is to "encourage and safeguard

---

[1] The Oklahoma Court of Civil Appeals defined OCPA as a "broad" anti-SLAPP which is "directed at protecting a wide spectrum of First Amendment speech, with limited exceptions." *Krimbill v. Talarico*, 2018 OK CIV APP 37, ¶ 8, 417 P.3d 1240, 1245.

the constitutional rights of persons to petition, speak freely, associate freely and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury." 12 O.S. § 1430. The procedural substance of the Act is found in 12 O.S. § 1432, which provides:

> A. If a legal action is based on, relates to or is in response to a party's ***exercise of the right of free speech***, right to petition or right of association, that party may file a motion to dismiss the legal action.
>
> B. A motion to dismiss a legal action under this section shall be filed no later than sixty (60) days after the date of service of the legal action. The court may extend the time to file a motion under this section on a showing of good cause.
>
> C. Except as provided in Section 6 of the Oklahoma Citizens Participation Act, on the filing of a motion under subsection A of this section, all discovery in the legal action shall be suspended until the court has ruled on the motion to dismiss.

(Emphasis added). "'Exercise of the right of free speech' means a communication made in connection with a ***matter of public concern***." 12 O.S. § 1431(3) (emphasis added). "'Matter of public concern' means an issue related to: … b. environmental, economic or ***community well-being***…, d. a public official ***or public figure***…." 12 O.S. § 1431(7) (emphasis added). As discussed thoroughly below, the Amended Complaint is an attempt to silence Defendants' opposing views and the state law claims are based on "communications made in connection with a matter of public concern," given that Plaintiff is a "public figure" and the communications were discussions of "community well-being." 12 O.S. §§ 1431(3), (7).

Since 2018, this Court has repeatedly applied the OCPA to state causes of actions, beginning with an extremely thorough analysis in *Craig PC Sales & Serv., LLC v. CDW Gov't, LLC*. No. CIV-17-003-F, 2018 WL 4861522, at *10 (W.D. Okla. Apr. 30, 2018). *Craig* provided the following three-step procedural outline concerning OCPA proceedings:

> The OCPA, an anti-SLAPP statute, sets forth a three-step procedure when a defendant moves to dismiss. First, the defendant must show by a preponderance of the evidence that "the legal action is based on, relates to, or is in response to, the party's exercise" of his "right of free speech," "right to petition" or "right of association." 12 O.S. Supp. 2014 § 1434(B). A "legal action" means "a lawsuit, cause of action, petition, complaint, cross-claim, counterclaim or any other judicial pleading or filing that requests legal or equitable relief." 12 O.S. Supp. 2014 § 1431(6). If the defendant meets its initial burden, the court must dismiss the action unless the plaintiff establishes by "clear and specific evidence a prima facie case for each essential element of the claim in question." 12 O.S. Supp. 2014 § 1434(C). Even if the plaintiff satisfies his burden, the court must dismiss the action if the defendant establishes by a preponderance of the evidence each essential element of a valid defense to the plaintiff's claim. 12 O.S. Supp. 2014 § 1434(D).

*Craig*, CIV-17-003-F, 2018 WL 4861522, at *11. Since *Craig*, this court has applied the OCPA to "state law claims litigated in federal court." *KLX Energy Servs., LLC v. Magnesium Mach., LLC*, CIV-20-1129-F, 2021 WL 682078, at *4 (W.D. Okla. Feb. 22, 2021). Because Plaintiff filed this legal action for state law claims which relate to and are in response to Defendants' exercise of free speech, the OCPA applies and this case must be dismissed.

Further, and pursuant to this Court's holding in *KLX*, Defendants incorporate their defenses and arguments from the *Special Appearance and Motion to Dismiss Defendants*

*Linsey Gray-Walton and Kyle Walton* [Doc. 9]. *KLX Energy Servs., LLC*, CIV-20-1129-F, 2021 WL 682078, at *7 (applying a legal defense, Petition Clause immunity, in support of a motion to dismiss based on the OCPA).

## II.   PLAINTIFF'S CLAIMS ARE "BASED ON, RELATES TO, OR IS IN RESPONSE TO [DEFENDANTS'] EXERCISE OF FREE SPEECH."

In pursuit of Defendants' rights under the OCPA, the Defendants must only show that Plaintiff has based her claim on Defendants' exercise of free speech. *Krimbill v. Talarico*, 2018 OK CIV APP 37, ¶ 9, 417 P.3d 1240, 1245 (citing 12 O.S. Supp. 2014 § 1434(B)).  Accepting the allegations as true for the initial purposes of applying the OCPA to the Amended Complaint, the Act plainly applies because Plaintiff's allegations target Defendants' exercise of free speech. For instance, Plaintiff claims her harms come from Defendants' communications to Plaintiff and others such as Defendants could not protect Plaintiff from her own comments on race and homosexuality [Doc. 5, ¶ 43], they asked Plaintiff to take down her ESPN post [Doc. 5, ¶ 40], that Coach Walton spoke with Plaintiff for approximately 30 minutes regarding race issues in society [Doc. 5, ¶ 41], a group text message stating "we can disagree and still love each other unless your disagreement is rooted in my oppression and denial of my humanity and right to exist" [Doc. 5, ¶ 42], and that Defendants "branded" Plaintiff as a racist and homophobe [Doc. 5, ¶¶ 47, 85]. Plaintiff further states that Coach Walton harmed Plaintiff by a social media post stating "Not all Trump supporters are racist but all of them decided that racism isn't a deal breaker." [Doc. 5, ¶ 64]. Defendant Kyle Walton communicated to Plaintiff he was unsure if he could continue to coach Plaintiff following her ESPN post because of the unprofessionalism

exhibited by the post in violation of the University's rules of professionalism [Doc. 5, ¶ 43]. However, Plaintiff continued to be coached regardless of Defendant Kyle Walton's communication. Without question, the Amended Complaint attacks expressions made by Defendants.

Coach Walton requested Plaintiff to remove the post in an effort to merely apply the University's various rules and policies that apply to student-athletes such as Plaintiff.[2] The choice to remove the post and follow University policy was ultimately Plaintiff's. The lawsuit only attacks communications and conduct which relate to or are in response to Coach Walton and Defendant Kyle Walton's exercise of free speech.

---

[2] The University has policies which Plaintiff agreed to abide by in the Student Athlete Handbook, The Student Athlete Code of Conduct and Expectations which provides in its first two sentences:

> As a student-athlete at the University, you are expected to conduct yourself in such a manner that would uphold or enhance the traditions and ethical standards of the University, the athletics program and your team. You should not bring discredit to the University nor cause harm to its reputation.

Further policies in the Student Athlete Handbook include the Social Media Etiquette and Policy which provides:

> In addition, Student-athletes are prohibited from using social media to violate team rules, to air personal grievances about teammates, coaches, game officials and administrators, other teams, the University or the Athletics Department. Students who post material violating University's Student Rights and Responsibilities Code are subject to discipline from the Office of Student Conduct. Such statements reflect poorly on the student-athlete, his or her team, and the University; in addition, they may disrupt or distract from the team's goals in practice or in play.

Defendants, sued in their individual and personal capacities, have a personal right to exercise their free speech, especially on "matters of public concern." If the allegations are to be accepted as true for the purposes of this Motion, Plaintiff's allegations are based on Defendants' exercise of free speech. Plaintiff's suit is a mere attempt to chill the exercise of free speech of Defendants Gray-Walton and Walton, clearly a SLAPP lawsuit in an effort to silence opposing views.

## III.   PLAINTIFF'S NOTORIETY AS A COLLEGIATE ATHLETE MAKES HER A PUBLIC FIGURE

Plaintiff is a public figure. "'[C]ollege athletes' are 'public figures' subject to the actual malice standard. *Nelson v. Time Inc.*, No. B245412, 2014 WL 940448, at *13 (Cal. Ct. App. Mar. 11, 2014). "Numerous courts, beginning with the Supreme Court's opinion in *Curtis Publishing Co. v. Butts* (1967) 388 U.S. 130, have concluded professional and collegiate athletes and coaches are at least limited purpose public figures." *McGarry v. Univ. of San Diego*, 154 Cal. App. 4th 97, 115, 64 Cal. Rptr. 3d 467, 481 (2007); see also *Barry v. Time, Inc*., 584 F. Supp. 1110, 1119 (N.D. Cal. 1984). Finally, a college athlete who voluntarily participates and achieves fame or notoriety through their athletics "must be considered a public figure." *Holt v. Cox Enterprises*, 590 F. Supp. 408, 412 (N.D. Ga. 1984). Plaintiff, as alleged in the Amended Complaint, has received such notoriety as a collegiate athlete who is a "nationally recognized volleyball player. [Doc. 5, ¶ 84]. She was the "first team all-Big 12, Co-Setter of the Year, selected as the national player of the week," and was selected as the OU "Student-Athlete of the year." [Doc. 5, ¶ 23] Before

that, Plaintiff gained notoriety as a collegiate athlete as the Pac 12 Freshman Player of the Year and was the starting setter at OU. [Doc. 5, ¶ 13].

Plaintiff has established herself as a public figure in the Amended Complaint. Therefore, any communications made to criticize her are covered by the OCPA as a "matter of public concern." 12 O.S. § 1432; see also *Fountain View Manor, Inc. v. Sheward*, 2019 OK CIV APP 77, ¶ 12, 455 P.3d 9, 14, reh'g denied (May 21, 2019).

## IV.   DEFENDANTS' EXPRESSIONS AGAINST RACISM AND HOMOPHOBIA ARE TOPICS OF PUBLIC CONCERN/COMMUNITY WELL-BEING

While the term "community well-being" is not well defined in the context of free speech, courts have defined "matters of public concern" to include those issues reached by "community well-being." "Matters of public concern are 'those of interest to the community, whether for social, political, or other reasons.'" *Brammer-Hoelter v. Twin Peaks Charter Acad.*, 492 F.3d 1192, 1205 (10th Cir. 2007) (quoting *Lighton v. Univ. of Utah*, 209 F.3d 1213, 1224 (10th Cir.2000)). Speech based on racism and discrimination is a matter of public concern. *Bennett v. City of Holyoke*, 230 F. Supp. 2d 207, 224 (D. Mass. 2002), aff'd, *Bennett v. City of Holyoke*, 362 F.3d 1 (1st Cir. 2004) (finding that a police sergeant's comments on racism and corruption "were on matters of public concern").

> These cases make clear that public concern is something that is a subject of legitimate news interest; that is, a subject of general interest and of value and concern to the public at the time of publication. The Court has also recognized that certain private remarks, such as negative comments about the President of the United States, touch on matters of public concern…

*City of San Diego, Cal. v. Roe*, 543 U.S. 77, 83–84, 125 S. Ct. 521, 525–26, 160 L. Ed. 2d 410 (2004). The news worthiness of the Texas Fight Song and the George Floyd murder make all those communications related to and in response to matters of public concern and community well-being. The legitimate social issue of discrimination is the underlying theme of Plaintiff's Amended Complaint, making all of the communications of the Defendants exercises of free speech.

Moreover, speech on racial discrimination relates to "matters of interest to the community-at-large." *Leonard v. City of Columbus*, 705 F.2d 1299, 1305 (11th Cir. 1983) (stating that employment policies of the City of Columbus Police Force which were racially discriminatory "concerned not only internal police matters, but matters of interest to the community-at-large as well."). The United States Supreme Court has held that racial discrimination is "a matter inherently of public concern." *Connick v. Myers*, 461 U.S. 138, n. 8 (1983). It does not matter if the forum of the speech was public or private. *Givhan v. W. Line Consol. Sch. Dist.*, 439 U.S. 410, 415–16, 99 S. Ct. 693, 696–97, 58 L. Ed. 2d 619 (1979) (a school employee's private grievance with the school principal that her termination was based on racial discrimination was in fact an inherent mater of public concern regardless of her choice of forum).

Taking the allegations of the Amended Complaint as true, the claims made by Plaintiff are that her free speech was chilled by the free speech of Defendants Gray-Walton and Walton as well as a host of nonparties. To use litigation in order to discourage free speech is the very reason OCPA and other anti-SLAPP laws exist. This suit must be dismissed pursuant to the OCPA.

<u>CONCLUSION</u>

For the reasons set forth above, Defendants request that the Court dismiss all of Plaintiffs' claims against them and grant all relief deemed just and equitable including but not limited to attorney's fees, costs and sanctions pursuant to 12 O.S. § 1438(A).

Respectfully submitted,

*s/ Michael Burrage*
Michael Burrage, OBA No. 1350
J. Renley Dennis, OBA No. 33160
Austin R. Vance, OBA No. 33294
WHITTEN BURRAGE
512 N. Broadway Ave., Ste 300
Oklahoma City, OK  73102
Telephone: (405) 516-7800
Facsimile: (405) 516-7859
Email: mburrage@whittenburragelaw.com
    jdennis@whittenburragelaw.com
    avance@whittenburragelaw.com
*Attorneys for Defendants, Lindsey-Gray Walton and Kyle Walton*

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 3, 2021, I electronically transmitted the attached document to the Clerk of Court using the Electronic Case Filing System for filing. Based on the records currently on file in this case, the Clerk of Court will transmit a Notice of Electronic Filing to those registered participants of the ECF System.

*s/ Michael Burrage*